# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES WILLIAMS, JR., | * |
| Plaintiff, | * |
| v. | * Case No. 13-cv-2546-RWT |
| DALE R. HARRISON, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff brings this self-represented action against Charles County Sheriffs Dale R. Harrison and Rex Coffey. ECF No. 1. Plaintiff appears to be indigent and his Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2) shall be granted. Upon review of the Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Plaintiff states that on July 10, 2013, he was arrested by Dale Harrison and charged with failing to display a license on demand and driving on a suspended license and privilege. ECF No. 1. The car he was driving was impounded. He claims that he was deprived of his liberty and property without due process. *Id.*

In effect, Plaintiff raises challenges to his arrest. The claims go to his charges in the Circuit Court for Charles County, Maryland.[1] However, because he cannot illustrate that his charges have been dismissed or invalidated, Plaintiff's claims are not cognizable under § 1983.

---

[1] *See State of Maryland v. James Williams*, Circuit Court for Charles County, Maryland, Case Number 08K13000929.

*Heck v. Humphrey*, 512 U.S. 477 (1994) makes this clear. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn.6-8 (1994) (A "§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). In this case, it is clear that a judgment in favor of Plaintiff would bring into question the validity of his pending charges. Under the rule of *Heck v. Humphrey*, therefore, his § 1983 damage claim may not proceed. His case will be dismissed.

A separate Order shall be entered reflecting the ruling set forth herein.


September 18, 2013 _____/s/_____
Date  Roger W. Titus
United States District Judge